FILED
OCT 1 4 2008
Oct 14, 2008
Judge David H. Coar
United States District Court

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORAD ELUSTA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 06 C 4264 |
| CITY OF CHICAGO, OFFICER B. JOSEPHS, STAR # 15576, and OFFICER R. McCANN, STAR # 13127, | ) ) Judge Coar ) Magistrate Judge Cole ) ) |
| Defendants. | ) |

06 cv 4264

### DEFENDANTS RAY MCCANN and BRIAN JOSEPHS' MOTION FOR JUDGMENT AS A MATTER OF LAW ON COUNT IV OF PLAINTIFFS' AMENDED COMPLAINT

Now come Defendants Ray McCann and Brian Josephs, by and through their attorneys, James G. Sotos and John J. Timbo of JAMES G. SOTOS & ASSOCIATES, LTD., and pursuant to Rule 50(a) of the Federal Rules of Civil Procedure do hereby move this Honorable Court for Judgment as a matter of law on Plaintiff Morad Elusta's malicious prosecution claim contained in Count IV. In support thereof Defendants state as follows:

### LEGAL STANDARD

A Rule 50(a) motion for judgment as a matter of law should be granted "when a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Alexander v. Mt. Sinai Hosp. Med. Ctr.*, 484 F. 3d 889, 902 (7th Cir. 2007). Further, the standard for granting a Rule 50(a) motion "mirrors the standard for granting summary judgment." *Id.* Thus, all evidence, and inferences drawn therefrom, must be viewed in the light most favorable to the non-moving party. *Id.* In order to avoid an adverse judgment under Rule 50(a), a plaintiff "must do more than argue that the jury might have

disbelieved all of the defendant's witnesses." *Heft v. Moore*, 351 F. 3d 278, 284 (7th Cir. 2003). In fact, the plaintiff must go further and "offer substantial affirmative evidence to support his argument." *Id.* Rule 50 motions will not be denied because of factual disputes regarding one element of a claim if the plaintiff has not put forth legally sufficient evidence to support other elements of the claim. *See, e.g., Klunk v. County of St. Joseph*, 170 F. 3d 772 (7th Cir. 1999).

A Rule 50 motion may be filed at any time before the case is submitted to the jury. Fed. R. Civ. P. 50. When evaluating a Rule 50(a) motion, "the court is limited to assessing whether no rational jury could have found for the plaintiff . . . and the court 'may not step in and substitute its view of the contested evidence for the jury's.'" *RRK Holding Co. v. Sears, Roebuck & Co.*, 563 F. Supp. 2d, 832, 834 (N.D. Ill. 2008).

## ARGUMENT

### I. Defendants Josephs and McCann are entitled to Judgment on Plaintiff Morad Elusta's Malicious Prosecution Claim

Under Illinois law, in order to establish a cause of action for malicious prosecution, a plaintiff must prove the following: "1) the commencement or continuance of an original criminal proceeding by the defendant; 2) the termination of the proceeding in favor of the plaintiff; 3) the absence of probable cause for such proceeding; 4) the presence of malice; and 5) damages resulting to the plaintiff." *Swick v. Liautaud*, 169 Ill. 2d 504, 512 (1996). If any of the above elements is not shown, the plaintiff is barred from pursuing the claim. *Id.* In the instant matter, Plaintiff Morad Elusta has failed to provide an evidentiary basis upon which the jury can reasonably find that the termination of the criminal proceeding was indicative of Plaintiff's innocence.

It is well established in Illinois that a plaintiff has the burden of proof to show that the proceedings against him were terminated in his favor when pursuing a claim for malicious prosecution. *Drain v. Keyes*, 2007 WL 1772168, 9-10 (N.D. Ill. June 19, 2007)(St. Eve); *Swick*, at 513. Specifically, the proceedings must have terminated in a manner indicative of the accused's innocence. *Id.* at 512. Indeed, the "circumstances surrounding the abandonment of the criminal proceedings must compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution." *Id.* at 514.

In *Drain*, Judge St. Eve granted summary judgment on plaintiff's state law malicious prosecution claim where plaintiff was unable to present any evidence that the termination of the criminal proceeding was for reasons based upon actual innocence. *Id.*, p. 9-10. Similarly, in *Logan v. Caterpillar*, 246 F.3d 912, 925-26 (7th Cir. 2001), the Court held that a plaintiff's conclusory affidavit that he was innocent of the charges was insufficient to establish that the underlying criminal matter concluded in a manner indicative of plaintiff's innocence. *Id.* Moreover, the Court held that even the bare use of a *nolle prosequi* order does not establish that the criminal proceedings were terminated in a manner indicative of innocence. *Id.*

In the instant matter, the only testimony Plaintiff has submitted on this issue is from co-defendant Robert Rubio, who has testified that he appeared in Court on more than one occasion, that he was provided notice of another court date, but that inexplicably the case was dropped without his input or acquiesce. Plaintiff has not offered any testimony from the Assistant State's Attorney who made the decision to dismiss the case to suggest that the matter was dropped because Plaintiff was indeed innocent. Nor, has Plaintiff produced any court order dismissing his case, thus leaving it to the speculation of the jury to guess under what circumstances the case

ceased to exist. As Plaintiff has failed to meet his burden on this element, it must therefore follow as a matter of law that the criminal case against Mr. Elusta, abandoned without the permission of the sole complaining witness, cannot be said to have been dismissed in a manner indicative of Plaintiff's innocence.

Wherefore, Defendants respectfully pray that this Honorable Court grant their motion for judgment as a matter of law on Count IV to Plaintiffs' amended complaint.

Respectfully submitted,

JAMES G. SOTOS & ASSOCIATES, LTD.
s/ John J. Timbo
John J. Timbo, Attorney No. 06238251
James G. Sotos & Associates, Ltd.
550 E. Devon Ave., Suite 150
Itasca, IL 60143-2632
(630) 735-3300
jtimbo@jsotoslaw.com